25-0125-cv
*Mangino v. Town of Babylon, Ann Marie Jones*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of May, two thousand twenty-six.

Present:
> JOHN M. WALKER, JR.,
> EUNICE C. LEE,
> BETH ROBINSON,
> > *Circuit Judges.*

---

JOHN MANGINO,

> *Plaintiff-Appellant*,

> v.                                                          No. 25-0125-cv

TOWN OF BABYLON, ANN MARIE JONES,

> *Defendants-Appellees.**

---

For Plaintiff-Appellant:            ROBERT A. SIEGEL, ESQ., New York, NY.

For Defendants-Appellees:        WILLIAM D. WEXLER, Law Office of William
                                                 D. Wexler, Esq., North Babylon, NY.

---

* The Clerk of Court is respectfully directed to amend the caption as set forth above.

Appeal from a grant of summary judgment (Bianco, *J.*) and final judgment following a jury verdict in the United States District Court for the Eastern District of New York (Azrack, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant John Mangino appeals from (1) the district court's order, dated February 26, 2024, granting a new trial under Federal Rule of Civil Procedure 59 after the first jury trial on his First Amendment retaliation claim against Defendants-Appellees Town of Babylon and Commissioner Ann Marie Jones (collectively, "Appellees"), which arose from civil enforcement proceedings brought against him for alleged violations of the Town's rental permit requirements, (2) an evidentiary ruling made during the second trial concerning admission of a 2009 state court order, and (3) the district court's pre-trial grant of summary judgment to Appellees on Mangino's procedural due process claim.

### BACKGROUND

Mangino owns residential property in the Town of Babylon ("the Town") that was subject to the Town's rental permit requirements. On March 17, 2009, Mangino applied for a rental permit but disputed the Town's demand that he pay unpaid fees allegedly owed from prior permit periods before the application would be processed. Mangino, through letters by his counsel, also challenged the Town's enforcement practices, including its method of serving summonses and its authority to require such payments.

After several months of correspondence, the Town Attorney's Office determined that the payment of back fees was not required as a condition of processing Mangino's application, and

2

the Town issued the requested rental permit on September 22, 2009. Shortly thereafter, the Town—acting through the Town Attorney's Office—commenced multiple civil enforcement proceedings against Mangino seeking monetary penalties for alleged rental activity during periods in which no valid permit had been in effect.

Mangino then brought this action in October 2012 under 42 U.S.C. § 1983. As relevant here, he alleged that (1) the Town's requirement that he pay unlawful charges as a precondition to issuance of his permit and its initiation of those civil enforcement proceedings constituted retaliation for his protected speech in violation of the First Amendment, and (2) the Town violated his due process rights by refusing to process his permit application absent payment of allegedly unlawful fees. In 2015, the district court granted summary judgment dismissing the due process claims, holding that Mangino lacked any constitutionally protected property interest in a rental permit. The only remaining claim was retaliation under the First Amendment.

Mangino's retaliation theory was that the Town, acting through officials including Commissioner Ann Marie Jones and the Town Attorney's Office, denied approval of his rental permit and initiated the October 2009 civil enforcement proceedings against him in response to his earlier objections to the Town's fee practices and enforcement methods. Following a 2019 trial in which the jury returned a verdict in favor of Mangino, the district court granted the Town's motion for a new trial under Rule 59, concluding that the verdict was against the weight of the evidence. After the second trial in 2024, the jury found for Appellees.

We assume the parties' familiarity with the remaining underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to

3

affirm.

## STANDARD OF REVIEW

We review a district court's grant of a Rule 59 motion for a new trial for abuse of discretion. *See Manley v. AmBase Corp.*, 337 F.3d 237, 245 (2d Cir. 2003). It is well-established that in deciding a motion for a new trial, the district court is permitted to "examine the evidence through its own eyes." *Meloff v. N.Y. Life Ins. Co.*, 240 F.3d 138, 147 (2d Cir. 2001). Indeed, the district court can grant such a motion "even if there is substantial evidence supporting the jury's verdict." *Manley*, 337 F.3d at 244 (citation modified). We nevertheless will reverse a district court's grant of a new trial under Rule 59(a) when "(1) its decision rests on an error of law (such as the application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision— though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Id.* at 245 (citation modified).

We review evidentiary rulings for abuse of discretion. *United States v. Litvak*, 808 F.3d 160, 179 (2d Cir. 2015).

This Court "review[s] *de novo* a district court's decision to grant summary judgment." *Bey v. City of New York*, 999 F.3d 157, 164 (2d Cir. 2021). "Summary judgment is required if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Covington Specialty Ins. Co. v. Indian Lookout Country Club, Inc.*, 62 F.4th 748, 752 (2d Cir. 2023) (per curiam) (citation modified).

4

## DISCUSSION

### I. Motion for New Trial

Mangino argues that the district court erred in granting a new trial under Federal Rule of Civil Procedure 59 after the first jury returned a verdict in his favor on his First Amendment retaliation claim. The verdict on that claim was premised on the theory that the Town denied his rental permit application in April 2009 and initiated civil enforcement proceedings in October 2009 in retaliation for his objections to its fee demands and enforcement practices. He argues that the district court improperly reweighed the evidence and supplanted the jury's findings. We disagree.

The record demonstrates that the district court carefully reviewed both testimonial and documentary evidence and concluded that the first verdict could not be reconciled with the record. In particular, the district court identified significant evidentiary deficiencies in Mangino's theories that the April 2009 permit application was denied and the October 2009 civil enforcement proceedings were initiated in retaliation for protected speech.[1] We agree with the district court's assessment. The Town's April 2009 denial of Mangino's permit application enforced the terms of the Town's February 2009 notice requiring that Mangino obtain a permit and pay back fees, and Mangino's letters to the Town opposing the permit and fee scheme were all sent *after* the permit

---

[1] These include, among others: (1) the absence of proof that Appellee Jones was aware of Mangino's alleged protected speech before the April 2009 denial of the rental permit; (2) the fact that Jones's electronic signature was routinely affixed by staff, rendering any inference of personal animus speculative; (3) the undisputed issuance of the rental permit on September 22, 2009 upon payment of $125, undermining any inference of retaliatory motive; and (4) the record showing that the civil complaints were signed and filed by Assistant Town Attorney Wright under the supervision of Town Special Prosecutor Wilson, not by Jones.

was denied.

Moreover, although Mangino relies heavily on temporal proximity between his correspondence challenging the Town's fee practices and the filing of civil enforcement actions shortly after issuance of the rental permit, the district court permissibly concluded that the evidence did not support a finding that Jones was involved in the decision to file civil enforcement actions. There is no evidence that her job duties included initiating such civil enforcement actions, or that she had any involvement in the actions here, and any inference to the contrary would be purely speculative. *See Conte v. Emmons*, 895 F.3d 168, 173 (2d Cir. 2018) (reversing denial of a Rule 59 motion where the verdict was based on "sheer surmise and conjecture"). And Mangino's argument that municipal liability can flow from the retaliatory motive of the Town attorneys who authorized the suit fails because the jury was never instructed on that theory and thus made no finding to support a judgment on that basis.

## II. Evidentiary Ruling

Mangino next argues that in the second trial the district court erred in admitting a 2009 state court order, limiting his ability to challenge the correctness of that ruling, and declining to give a more detailed limiting instruction. He argues that the order, which held that service of process on Mangino was proper in a related enforcement proceeding and which was admitted by Appellees to rebut retaliatory motive, created unfair prejudice by suggesting judicial endorsement of Appellees' position.

The district court did not abuse its discretion in admitting the state court order. Appellees argued that the order was relevant to the Town's state of mind because Mangino's retaliation claim

6

rested in part on the assertion that Town officials knowingly pursued unlawful enforcement actions. The existence of a prior judicial ruling upholding the Town's service practices arguably had probative value in showing that Town officials could reasonably have believed their conduct was lawful, thereby undermining an inference of retaliatory intent.

Although Mangino argues that the order was unduly prejudicial because it bore judicial authority and might lead the jury to treat it as conclusive proof that the Town's actions were legally correct, the district court instructed the jurors that they were not deciding the legality of service and that the issues before them concerned the Town's motivations. The district court was entitled to conclude that this instruction adequately limited the risk of misuse while preserving probative value under Federal Rule of Evidence 403.

## III.     Due Process Claim

Mangino also argues that the district court erred in granting summary judgment on his procedural due process claim. He contends that the Town's rental permit scheme created a protected property interest in the rental permit and that the Town deprived him of that interest by initially refusing to process his application unless he paid back fees.

The district court properly granted summary judgment on Mangino's procedural due process claim. To establish a procedural due process violation, Mangino was required to show a protected property interest in issuance of the rental permit. *See Progressive Credit Union v. City of New York*, 889 F.3d 40, 51 (2d Cir. 2018). He failed to do so.

Mangino lacked a clear entitlement to the permit because of the uncertainty regarding the applicability of the Town's fee provisions. The Town Code authorizes the imposition of late fees

for overdue permit renewals, *see* Babylon Town Code § 153-5(b), but the record does not clearly establish whether Mangino's application was properly considered as a renewal (which would be subject to late fees by statute) or as a new application (for which those fees might not apply).

Where entitlement to a license or permit depends not only on compliance with inspection criteria but also on unresolved legal questions regarding fee obligations, a clear property interest does not arise. *See Natale v. Town of Ridgefield*, 170 F.3d 258, 263 (2d Cir. 1999) ("Usually, entitlement turns on whether the issuing authority lacks discretion to deny the permit," but there is no reason "to restrict the 'uncertainty' that will preclude existence of a federally protectable property interest to the uncertainty that inheres in an exercise of discretion. Uncertainty as to the meaning of the applicable law also suffices."). As such, there was no property interest in the rental permit because of the legal uncertainty as to the requested permit's status.

\* \* \*

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8